# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LUXOTTICA GROUP, S.p.A., an Italian Corporation, | Civil Action File No. |
| Plaintiff, | |
| v. | |
| ATLANTIC LIAN INC., a Georgia Corporation; YANQIU CAI, an individual; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Luxottica Group S.p.A., for its claim against Defendants Atlantic Lian Inc. and Yanqiu Cai, respectfully alleges as follows:

## DEMAND FOR JURY TRIAL

1.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica Group, S.p.A hereby demands a trial by jury of all claims in this litigation.

## JURISDICTION AND VENUE

2.

Plaintiff files this action against Defendants for trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of the State of Georgia.  This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3.

This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

4.

This Court has personal jurisdiction over Defendants because Defendants are incorporated and/or are domiciled in this judicial district.

5.

This action arises out of wrongful acts by Defendants within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

6.

Plaintiff Luxottica Group, S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 400 Luxottica Place, Mason, Ohio 45040-8114. Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, high technical and stylistic quality luxury and sports eyewear products under federally registered trademarks, including but not limited to Ray-Ban marks, and other trademarks (the "Luxottica Marks").

7.

Upon information and belief, Defendant Atlantic Lian Inc. is a Georgia corporation with its office and principal place of business located at 6180 Atlantic Boulevard, Suite E, Norcross, Georgia 30071. Process may be perfected by serving Atlantic Lian Inc. at its principal place of business located at 6180 Atlantic Boulevard, Suite E, Norcross, Georgia 30071.

8.

Upon information and belief, Defendant Yanqiu Cai is an individual domiciled in this judicial district and is an owner, officer, director, and/or managing agent of Atlantic Lian Inc. Process may be perfected by serving Yanqiu Cai at 6180 Atlantic Boulevard, Suite E, Norcross, Georgia 30071 or any other place where he may be found.

9.

Luxottica is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Luxottica will seek leave to amend this complaint when their true names and capacities are ascertained. Luxottica is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.

Luxottica is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the

acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Luxottica further alleges that Defendants had a non-delegable duty to prevent the acts described herein, which duty Defendants failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.   The World Famous Luxottica Brands and Products

11.

Luxottica is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

12.

Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

13.

Luxottica's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout

the United States, including Georgia, and reaches customers nationally and internationally online at www.ray-ban.com.

14.

Luxottica is the owner of various Ray-Ban trademarks (collectively, the "Ray-Ban Marks"), including but not limited the following United States Trademark Registrations:

| Trademark | Registration No. | Good And Services |
|---|---|---|
| Ray·Ban | 650,499 | Sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | Ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles, in class 9. |
| | 1,726,955 | Bags; namely, tote, duffle and all-purpose sports bags, in class 18. Cloths for cleaning ophthalmic products, in class 21. |

| | | |
|---|---|---|
| | | Clothing and headgear; namely, hats, in class 25. |
| **RAY-BAN** | 1,080,886 | Ophthalmic products and accessories – namely, sunglasses, eyeglasses, spectacles, lenses and frames for sunglasses, eyeglasses, and spectacles, in class 9. |
| | 1,490,305 | Clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | Goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards, in class 18. Clothing for men and women, namely, polo shirts, headgear, namely, berets and caps. |
|  | 1,320,460 | Sunglasses and carrying cases there for, in class 9. |
|  | 3,522,603 | Sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

15.

Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks.  As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica.  The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

16.

Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks.  These registrations are valid and the majority are incontestable.

17.

The Ray-Ban Marks are a symbol of Luxottica's quality, reputation, and goodwill.  The Ray-Ban Marks have never been abandoned.

18.

Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B.**     **Defendants' Infringing Activities**

19.

Upon information and belief, Luxottica hereon avers that Defendants have imported, manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold products bearing marks substantially indistinguishable and/or confusingly similar to the Ray-Ban Marks.

20.

In or around October 2014, Luxottica discovered that U.S. Customs and Boarder Protection had seized approximately 9,000 units of counterfeit Ray-Ban sunglasses ("Infringing Products") from the Port of Savannah that Defendants had attempted to import into the United States for resale to consumers.   Upon information and belief, Defendants may have imported, distributed, offered for sale, and/or sold additional Infringing Products, the exact amount of which is yet to be determined.

21.

Defendants have never been authorized by Luxottica to manufacture, sell or offer for sale products bearing any of the Ray-Ban Marks.   Moreover, Defendants have never been licensees of Luxottica and have never been licensed in any

manner to import, sell, distribute, or manufacture any merchandise bearing the Ray-Ban Marks.

22.

Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Luxottica's ownership of the Ray-Ban Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

23.

Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luxottica's rights for the purpose of trading off the goodwill and reputation of Luxottica. If Defendants' willful infringing activities are not permanently enjoined by this Court, Luxottica and the consuming public will continue to be damaged.

24.

Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a

connection or association between Luxottica's genuine goods and Defendants' Infringing Products.

## COUNT I

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

25.

Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

26.

The Ray-Ban Marks are nationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Luxottica.

27.

The registrations embodying the Ray-Ban Marks are in full force and effect and Luxottica has authorized responsible manufacturers and vendors to sell merchandise with these marks.

28.

Defendants' unauthorized use of the Ray-Ban Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored,

authorized, licensed by or otherwise connected with Luxottica or come from the same source as Luxottica's goods and are of the same quality as that assured by the Ray-Ban Marks.

29.

Defendants' infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its trademarks.

30.

Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

31.

Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Luxottica and reap the benefit of Luxottica's goodwill associated with the Ray-Ban Marks.

32.

As a direct and proximate result of Defendants' willful and unlawful conduct, Luxottica has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Luxottica's trademarks.

33.

Luxottica has no adequate remedy at law.

34.

In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## COUNT II

### (False Designation of Origin and Unfair Competition – 15 U.S.C. §1125(a))

35.

Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

36.

Defendants' unauthorized use of the Ray-Ban Marks on infringing merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Luxottica or come from Luxottica when in fact they do not.

37.

Defendants' use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights.

38.

Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

39.

Luxottica has been irreparably damaged by Defendants' unfair competition and misuse of the Ray-Ban Marks.

40.

Luxottica has no adequate remedy at law.

41.

Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

42.

In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT III

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

43.

Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44.

Luxottica is the exclusive owner of the Ray-Ban Marks.

45.

The Ray-Ban Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act.

46.

The Ray-Ban Marks are all inherently distinctive marks that have been in use for many years and play a prominent role in Luxottica's marketing, advertising, and the popularity of its products.

47.

The Ray-Ban Marks were famous long before Defendants began using unauthorized reproductions, counterfeits, copies, and colorable imitations of the Ray-Ban Marks on infringing merchandise.

48.

Defendants have used counterfeit reproductions and/or marks confusingly similar to the Ray-Ban Marks in commerce and in connection with the sale of their products.

49.

Consumers are likely to purchase Defendants' infringing products in the erroneous belief that Defendants' are affiliated, connected or associated with Luxottica or that Luxottica is the source of the infringing products.

50.

Defendants' acts described above have diluted and continue to dilute Luxottica's unique and distinctive trademarks.  Defendants' unlawful use of the Ray-Ban Marks in connection with inferior, infringing goods is also likely to tarnish the Ray-Ban Marks and cause blurring in the minds of consumers between Luxottica and Defendants, thereby lessening the value of the Ray-Ban Marks as unique identifiers of Luxottica's products.

51.

These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Luxottica, causing damage to Luxottica in an

amount to be determined at trial, as well as irreparable injury to Luxottica's goodwill and reputation associated with the value of the Ray-Ban Marks.

52.

Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Luxottica's reputation and to dilute the Ray-Ban Marks. Defendants' conduct is willful, wanton and egregious.

53.

Defendants' acts have caused and will continue to cause irreparable injury to Luxottica. Luxottica has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

54.

In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT IV

### (Deceptive Trade Practices - O.C.G.A. §10-1-370)

55.

Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.

The Luxottica Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

57.

Through prominent, long, and continuous use in commerce, including commerce within the State of Georgia, the Luxottica Marks have become and continue to be famous and distinctive.

58.

Defendants' unauthorized use of the Luxottica Marks dilutes the distinctive quality of the Luxottica Marks and decreases the capacity of such marks to identify and distinguish Luxottica's products and has caused a likelihood of harm to Luxottica's business reputation.

59.

By the acts described above, Defendants have caused and will continue to cause irreparable injury to Luxottica's goodwill and business reputation, in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. §10-1-370 et seq., including, but not limited to, violation of O.C.G.A. §10-1-372.

60.

Upon information and belief, as a result of Defendants' deceptive practices, Defendants have profited monetarily, Luxottica has been monetarily damaged and is likely to be continuously damaged by Defendants' acts.

61.

Unless enjoined and restrained by this Court, Defendants will continue their acts of deceptive and unfair trade practices, thereby deceiving and confusing the public and causing Luxottica immediate and irreparable harm. Luxottica is entitled to an Order of this Court enjoining Defendants' unlawful activities pursuant to O.C.G.A. §10-1-373(a).

62.

As a result of Defendants' willful, deception, and unfair trade practices, Luxottica is entitled to recover its costs and attorneys' fees in accordance with O.C.G.A. §10-1-373(b).

## COUNT V

**(Trademark Infringement and Unfair Competition - Georgia Common Law)**

63.

Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

64.

Luxottica owns and enjoys common law trademark rights in the Ray-Ban Marks in the State of Georgia and throughout the United States.

65.

Defendants' infringing activities in appropriating rights in Luxottica's common law trademarks are intended to capitalize on Luxottica's goodwill for the purpose of Defendants' own pecuniary gain.  Luxottica has expended substantial time, resources and efforts to obtain an excellent reputation for Luxottica brands. As a result of Luxottica's efforts, Defendants' is now unjustly enriched and is benefiting from intellectual property rights that rightfully and exclusively belong to Luxottica.

66.

Defendants' unauthorized use of the Ray-Ban Marks has caused and is likely to cause confusion as to the source of Defendants' Infringing Products, to the detriment of Luxottica.

67.

Defendants' acts are willful, deliberate, and intended to confuse the public and/or to injure Luxottica.

68.

Defendants' acts constitute unfair competition, palming off, and/or misappropriation in violation of Georgia common law, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

69.

Luxottica has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' aforementioned infringing activities, unless Defendants are permanently enjoined by this Court.

70.

The conduct herein complained of was, and continues to be, extreme, outrageous, and fraudulent, and was, and continues to be, inflicted on Luxottica in reckless disregard of Luxottica's common law trademark rights in the Ray-Ban

Marks.  Said conduct was and continues to be harmful to Luxottica, and as such supports an award by this Court of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter Defendants from similar conduct in the future.

71.

Luxottica has no adequate remedy at law.

72.

In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or marks identical and/or confusingly similar thereto, for any reason; to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of Defendants' infringing acts alleged herein; to recover all gains, profits and/or advantages obtained by Defendants as a result thereof, in an amount not yet known; to recover punitive damages as authorized by law; and to recover from Defendants the costs associated with this action.

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendants on all claims, as follows:

1.     For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear the Ray-Ban Marks, or any other marks confusingly similar thereto;

(b)     engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica;

(c)     engaging in any other activity that will dilute the distinctiveness of the Ray-Ban Marks;

(d)     committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are

licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

2.     For entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Luxottica for destruction, or other disposition, all remaining inventory of the Infringing Products, in addition to any other goods that infringe upon Luxottica's rights to the Ray-Ban Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3.     For entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Infringing Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Infringing Products;

4.     For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

5.     For entry of an ORDER directing Defendants to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.      For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendants have derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

7.      For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

8.      For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under Georgia law; and

9.      Such other relief as may be just and proper.

Respectfully submitted, this the 5th day of November, 2014.

**COHEN POLLOCK MERLIN & SMALL, P.C.**
Attorneys for Luxottica Group, S.p.A.

By:   /s/ Bruce Z. Walker
         Bruce Z. Walker
         Georgia Bar No. 731260
         Garrett H. Nye
         Georgia Bar No. 387919

3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339
(P) (770) 858-1288
(F) (770) 858-1277
bwalker@cpmas.com
gnye@cpmas.com

**-AND-**

**BLAKELY LAW GROUP**
Brent H. Blakely
California State Bar No. 157292
1334 Parkview Avenue, Suite 280
Manhattan Beach, California  90266
(P)  (310) 546-7400
(F)  (310) 546-7401

*[Pro Hac Vice Application Pending]*